IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and
JEANNE G. LYON,

      Plaintiffs/Counter Defendants,

  vs.                                          CIVIL NO.  08-1114 LFG/DJS

ESTEBAN A. AGUILAR, SR.
ESQ., AGUILAR LAW OFFICES,
P.C., and DOES I-X,

      Defendants/Counter Claimants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND COMPLAINT

THIS MATTER is before the Court on *pro se* Plaintiffs/Counter Defendants Gary L. Lyon and Jeanne G. Lyon's ("Lyons") Opposed Motion to Amend Complaint [Doc. 48]. Lyons seek to assert claims that their federal constitutional rights were violated by Defendants Esteban A. Aguilar, Sr. and the Aguilar Law Offices, P.C. Their present Complaint already includes numerous common law and contractual causes of action.[1]

In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. §§ 471 *et seq.*, and because the law is so clear in this area, no response is necessary. An immediate ruling will effectuate the two-prong goals of the CJRA, which are to reduce the costs of litigation and expedite the ultimate disposition of this lawsuit.

---

[1] The Complaint asserts claims for professional negligence, breach of contract, negligent misrepresentation, constructive fraud, breach of fiduciary relationship, negligent infliction of emotional distress, breach of New Mexico Unfair Practices Act, intentional infliction of emotional distress, and unjust enrichment.

Lyons seek to amend their already voluminous Original Complaint to assert claims arising under the United States Constitution alleging violations of due process and equal protection under 42 U.S.C. § 1983. The First Amended Complaint also differs from the original in minor, non-substantive ways. *See* ¶¶ 100(h) and 120(f,g). Their proposed amendment demonstrates a misunderstanding, albeit a common one, of the American Constitution.

Under the Constitution, the national government was given all of the powers it formerly had under the Articles of Confederation, as well as additional authority to enforce its powers. To ensure strength in national government, certain powers were forbidden to the states. By granting specific powers to the national government and permitting the states to exercise those powers which were not specifically denied, the founding fathers established a division of power between national and state government. However, to ensure that the national government would not become as tyrannical as King George III, the Constitution and subsequent Bill of Rights imposed limitations on government, both national and state. Nathaniel Platt & Muriel Jean Drummond, <u>Our Nation From Its Creation</u>, ch. 7 (2d ed. 1967). What Lyons fail to appreciate in their motion to amend is that the limitations discussed in the Constitution and the Bill of Rights are limitations on government, not on individuals.

For example, the Fourteenth Amendment relied upon by Lyons as the basis of their due-process claims states in part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, § 1. By its very terms, the Fourteenth Amendment prohibits states from

denying a citizen the rights of due process and equal protection. The Fourteenth Amendment imposes no such restrictions on individuals.

The First Amended Complaint asserts that Defendant Aguilar individually, and his law firm, committed acts which allegedly caused Lyons harm. While those allegations have yet to be tested by evidentiary presentations, one thing is clear: neither Mr. Aguilar nor his law firm are the government.

The Lyons' attempt to invoke a civil rights claim against individuals is unavailing for a second reason. Lyons seek to assert claims under 42 U.S.C. § 1983. Claims under this section allow for court relief when a party's federally protected rights have been violated by state or local officials, or by other persons acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federally protected right;" and (2) "he must allege that the person who deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, the proposed First Amended Complaint fails both tests. First, Lyons are unable to demonstrate a violation of a constitutional rights, as the Fourteenth Amendment right asserted in the proposed complaint places a limitation on states, not individuals. Thus, there is no cognizable constitutional right at issue. Secondly, the right must have been deprived by someone acting pursuant to color of state law. A practicing attorney and his law firm do not act under color of state law as do governmental officials. To the extent that Lyons infer that an attorney acts in conjunction with a court and thereby acts under color of law, those allegations are not facts, but conclusions. There is nothing in the complaint that meets the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), or Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), that is,

pleading facts rather than conclusions, to demonstrate that Defendants acted under color of state law.

While the Court liberally grants amendments to pleadings, it will not do so if granting the amendment is futile, <u>Bauchman ex rel. Bauchman v. West High School</u>, 132 F.3d 542, 562 (10th Cir. 1997).  Entry of the proposed amendment in this case would be futile and would be subject to a subsequent motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Thus, under the cost-savings provisions of the CJRA, the Court will simply deny the Motion to Amend the Complaint.

IT IS SO ORDERED.

                                                *Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                Chief United States Magistrate Judge