IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and
JEANNE G. LYON,

        Plaintiffs/Counter Defendants,

    vs.                                CIVIL NO.  08-1114 LFG/DJS

ESTEBAN A. AGUILAR, SR.,
AGUILAR LAW OFFICES, P.C,,
and DOES I-X,

        Defendants/Counter Claimants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' OBJECTIONS

*Pro se* Plaintiffs Gary J. Lyon and Jeanne G. Lyon ("Lyons") filed Objections [Doc. 50] to

Memorandum Opinion and Order Denying Motion to Amend Complaint [Doc. 49].  Defendants

filed a response in opposition [Doc. 55].  Lyons object to the Court's earlier ruling [Doc. 49], relying

on Fed. R. Civ. P. 72.  This Rule, however, is not applicable in this case.

Rule 72(a) provides a mechanism to seek review of a non-dispositive matter which was

referred to a magistrate judge.  The core concept of the referral is outlined in Steven Baicker-

McKee, William M. Janssen & John B. Corr, <u>Federal Civil Rules Handbook</u> 1289 (2009).

> A district judge may refer, without the consent of the parties, pretrial
> matters non dispositive of a claim or a defense to a magistrate judge.
> Such decisions of the magistrate judge may be appealed to the district
> court for review on a standard of clear error or contrary to law.

Rule 72(a) includes a provision for *de novo* review of a magistrate judge's recommendation

upon referral of a dispositive motion.  <u>Id.</u> At 1292.  The rule is inapplicable in the case at bar, as the

parties utilized the consent provisions under 28 U.S.C. § 636(c)(1), which provides that, upon

consent of the parties, a United States magistrate judge may conduct any or all proceedings in a jury

or non-jury civil matter and order the entry of judgment in the case, when specifically designated

to exercise such jurisdiction by the district court or courts he serves.  The statute provides:

> If a magistrate judge is designated to exercise civil jurisdiction under
> paragraph (1) of this subsection, the clerk of court shall, at the time
> the action is filed, notify the parties of the availability of a magistrate
> judge to exercise such jurisdiction.  The decision of the parties shall
> be communicated to the clerk of court.  Thereafter, either the district
> court judge or the magistrate judge may again advise the parties of
> the availability of the magistrate judge, but in so doing, shall also
> advise the parties that they are free to withhold consent without
> adverse substantive consequences.

28 U.S.C. § 636(c)(2).

All parties consented in this case (*see* Docs. 4, 5 and 15).  Thus, the undersigned magistrate

judge is not serving as a referral magistrate judge, making only a report and recommendation, but,

rather, is deciding the dispositive motions and, with the parties' unanimous consent, will preside

over the trial of the case.

Under Rule 72, the magistrate judge's determination of a non-dispositive matter, or a report

and recommendation is appealable to the district court.  However, when the parties consent to a

magistrate judge serving as a trial judge under 28 U.S.C. § 636(c), as occurred here, appeals are to

the appropriate circuit court.  28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

As Rule 72 is inapplicable to the trial court's Memorandum Opinion and Order denying the

motion the amend complaint, the Court DENIES the objections.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge