IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and
JEANNE G. LYON,

      Plaintiffs/Counter Defendants,

  vs.                                                  CIVIL NO. 08-1114 LFG/DJS

ESTEBAN A. AGUILAR, SR.,
AGUILAR LAW OFFICES, P.C,,
and DOES I-X,

      Defendants/Counter Claimants.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of Memorandum Opinion and order Denying Motion to Amend Complaint [Doc. 51]. Defendants filed a Response in Opposition [Doc. 55]. Plaintiffs reply was filed November 18, 2009 [Doc. 58].

On October 20, 2009, *pro se* Plaintiffs Gary J. Lyon and Jeanne G. Lyon ("Lyons") filed a motion to amend their complaint. The intent of the amendment was to assert a 42 U.S.C. § 1983 claim against Defendants. The Court denied Lyons' motion on October 21, 2009 [Doc. 49]. Thereafter, on October 30, 2009, Lyons filed the present Motion for Reconsideration.

Because Lyons filed their Motion for Reconsideration within ten days of the Court's order denying the amendment, the Motion deemed a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. *See* Hatfield v. Bd. of County Comm'rs., 52 F.3d 858, 861 (10th Cir. 1995). Appropriate grounds for Rule 59(e) motion "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Rule 59(e) may not be used to re-litigate old matters, raise arguments or present evidence that could have been raised in the prior pleadings. *See* Steele v. Young, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993). In determining what is manifest error for purposes of Rule 59(e), courts have determined that mere disagreement with the court's findings does not constitute manifest error. *See, e.g.*, Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); FDIC v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993). Furthermore, Rule 59(e) provides for "an extraordinary remedy which should be used sparingly." *See* 11 Wright, Miller and Cain, Federal Practice and Procedure Civil 2d, § 2810.1 (3d ed.)

A district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). In exercising this discretion, the Court concludes that the motion lacks merit and, therefore, chooses to deny Lyons' motion for reconsideration.

Lyons argue that their request to amend their complaint was consistent with Dennis v. Sparks, 449 U.S. 24 (1980), where a civil rights lawsuit was authorized to proceed against non-state actors. The Court respectfully disagrees. Sparks involved a situation where plaintiff brought an action against an allegedly corrupt judge and opposing parties who conspired with the judge to use the court process to obtain an injunction against and harm the plaintiff. Because the trial judge, even though corrupt, was vested with absolute immunity, the trial court dismissed the lawsuit against him. The Court found that the remaining parties were not state actors and determined that a 42 U.S.C. § 1983 claim could not proceed. The Supreme Court reversed, finding:

> to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in a joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.

Dennis v. Sparks, at 27-28.

Such is not the case here. Lyons do not contend that Aguilar and his law firm conspired with the trial judge or with the judges of the Court of Appeals to jointly deprive them of constitutional rights. There are no allegations of joint action between Defendants and the various judges or courts before whom Lyons litigated. To the contrary, Lyons contend that Aguilar and his firm "misled the Court of Appeals" by improperly filing an attorney charging lien, by making misrepresentations to the Court of Appeals, and by imposing a lien or fabricating a court order. Sparks carved out an exception that allowed a civil rights claim to proceed against non-governmental employees who conspired with a corrupt state official to violate Spark's federally protected rights. That is a far cry from the allegations at hand. There are no assertions of joint action or joint purpose as there were in Sparks.

Lyons assert in their reply brief that the proposed amended complaint could be filed under the Supreme Court's analysis in Jett v. Dallas Independent School District, 491 U.S. 701 (1989), as well as the Third Circuit's decision in McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009).

Neither case provides Lyons with any assistance. Jett is a civil rights claim alleging racial animus in termination brought by a White athletic director/coach against a governmental entity, the Dallas Independent School District, and the District's employee, an African-American high school principal. McGovern is an employment discrimination claim brought against a governmental entity, the City of Philadelphia. In neither case did the plaintiffs seek to assert civil rights claims against non-governmental defendants.

Both Jett and McGovern deal with the issues of whether an implied cause of action against state actors exists beyond that provided by Congress in 42 U.S.C. § 1983. Neither case discusses

or even touches on the issue of whether a civil rights claim can be brought against a private individual who is not acting under color of state law.

In the wake of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and the more recent Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted. In Twombly, the Court noted that the pleading standard of Fed. R. Civ. P. 8 does not require "detailed factual allegations," but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account. Id. At 555. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." These, the Court stated, "will not do." Id. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

The more significant pleading standard announced in Twombly was further refined in Ashcroft v. Iqbal. There, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

The Lyons' proposed amended complaint is replete with the "labels and conclusions" relating to civil rights violations, but does not contain the requisite facial plausibility and factual content required by the nation's high court. To permit an amended complaint on the theory of deprivation of civil rights by individuals who are not state actors or government officials, and who did not act in

4

collusion with state actors to deprive the Lyons of constitutional rights, simply fails to meet the Twombly and Iqbal standards.

The Court concludes there has been no intervening change in the controlling law; there is no new evidence previously unavailable; and there is no need to correct clear error or prevent manifest injustice.

IT IS THEREFORE ORDERED that Lyons' Motion for Reconsideration is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge