IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and
JEANNE G. LYON,

      Plaintiffs/Counter Defendants,
  vs.                                        CIVIL NO. 08-1114 LFG/DJS

ESTEBAN A. AGUILAR, SR.,
AGUILAR LAW OFFICES, P.C,,
and DOES I-X,

      Defendants/Counter Claimants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO DISQUALIFY
## MADISON FIRM AS COUNSEL FOR DEFENDANTS

THIS MATTER is before the Court on *pro se* Plaintiffs Gary J. Lyon's and Jeanne G. Lyon's ("Lyons") Motion to Disqualify [Doc. 52]. By this motion, Lyons seek to disqualify Madison, Harbour & Mroz, P.A. ("Madison firm"), as counsel for Defendants Esteban A. Aguilar and Aguilar Law Offices, P.C. ("Aguilar"). Defendants filed a response in opposition on November 23, 2009 [Doc. 62], and Lyons filed their reply on November 24, 2009 [Doc. 63]. Oral argument is not necessary.

**Background**[1]

Attorney Gregory Pelton and Pelton and Associates, P.A. ("Pelton"), filed suit against Lyons in Bernalillo County State District Court for the alleged non-payment of attorney fees and costs ("Pelton litigation"). Pelton previously was retained by Title Resources Guarantee ("TRG") to represent Lyons on certain title policy claims. Lyons denied Pelton's claims for debt and money due

---

[1] Lyons' Complaint encompasses 41 pages and asserts 12 causes of action. Thus, the "background" is far more extensive than outlined here. However, the relevant background for purposes of the motion to disqualify is relatively brief.

and filed counterclaims against Pelton. Lyons were represented by attorney Douglas Foster of Foster, Johnson, McDonald, Lucero, Koins, LLP.

Pelton, on the other hand, was defended on the Lyons' counterclaim by attorney Michael Brennan of the Madison firm. During the course of Mr. Brennan's representation of Pelton, he withdrew from the Madison firm and took the case with him. Thus, he continued to serve as Pelton's attorney. While at the Madison firm, he was the only attorney who provided substantial assistance to Pelton.

Foster and his firm withdrew from representing Lyons prior to trial. Lyons, thereafter, hired Defendant Aguilar to represent them in the Pelton litigation while.[2] While unclear from the pleadings in the present case, it appears that Pelton was granted summary judgment on their claim. Lyons' counterclaim was set for trial. Subsequent to Aguilar's withdrawal as Lyons' counsel in the Pelton case, Lyons dismissed their counterclaims against Pelton.[3]

## Present Motion

Lyons' motion does not raise the more typical situation in which a party seeks disqualification of opposing counsel, claiming that opposing counsel's former representation of the movant is substantially related to the present representation of an opponent. Rather, Lyons offer a somewhat novel theory that since Michael Brennan, formerly with the Madison firm, represented

---

[2] Lyons were separately prosecuting a breach of contract, insurance bad faith, and unfair trade practice claim against Title Resources Guarantee, Inc. ("TRG litigation"), a case also pending in the Bernalillo County District Court. While that litigation is part of Lyons' present professional negligence case against Aguilar, it is not particularly relevant to the Motion to Disqualify. When attorney Foster withdrew, Aguilar and his firm were hired to represent Lyons in the TRG litigation as well as the Pelton litigation.

[3] In explaining their reason for dismissing counterclaims (*see* paragraph 65 of Lyons' Complaint), Lyons state that their only expert witness refused to present expert testimony that was essential to proving their claim against Pelton. Lyons state, "In a telephone trial prep meeting the expert witness informed Mr. Lyon of his refusal to testify. Because of this situation Plaintiffs [Lyons] were forced to settle the Pelton case by dismissing all of their claims or risk sizable financial damages."

Lyons' opponent in an earlier dispute–the Pelton litigation–the Madison firm should be disqualified from representing Aguilar in this litigation because Aguilar was the Lyons' attorney in the Pelton litigation.

Lyons contend that certain pleadings filed in the Pelton litigation may become exhibits in the present litigation, and those exhibits will have the Madison firm's name on them; and, further, that members of the Madison firm may be called upon to give testimony in the present litigation.

## **Analysis**

Aguilar and his firm are represented by their choice of counsel, the Madison firm. The right to counsel of one's own choosing is an important right. United States v. Collins, 920 F.2d 619, 624-25 (10th Cir. 1990); Roberts v. Anderson, 66 F.2d 874 (10th Cir. 1933). A party's choice of counsel is very personal and requires confidence in one's advocate. Therefore, courts are highly skeptical of attempts by one opponent to disqualify another opponent's choice of counsel, *see, e.g.*, Smith v. Whatcott, 774 F.2d 1032, 1035 (10th Cir. 1985), and a court will not disturb a party's right to counsel unless it finds a compelling reason. Moreover, mischief could occur when a party seeks, for tactical reasons, to disqualify opposing counsel.

Only in unusual circumstances will a court step in and preclude a party from being represented by counsel of that party's choosing. The court must find a legitimate conflict of interest or the presence of some overriding concern before it will step in and interfere with a party's right of representation.

The "compelling reason" warranting disqualification as claimed by Lyons is that a Madison firm attorney, Michael Brennan, represented Lyons' earlier opponent, Pelton.[4] There is no

---

[4]During the course of Brennan's representation of Pelton, he withdrew as a shareholder in the Madison firm and opened his own office. He took the Pelton case with him and the Madison firm withdrew

contention that Lyons ever had any attorney-client relationship with attorney Brennan or any member of the Madison firm, or ever confided in Brennan or the Madison firm with the understanding that information provided was protected by an attorney-client privilege, or that Brennan or the Madison firm ever counseled, advised or assisted Lyons in any professional relationship. To the contrary, any attorney-client relationship arising from the earlier TRG litigation was between Lyons and Pelton. Any attorney-client relationship in the subsequent Pelton litigation was between Lyons and Aguilar, not Lyons and Brennan or Lyons and the Madison firm. The Madison firm did not represent Lyons in the same or a substantially related matter and owes no duty to Lyons. Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 106 N.M. 757, 750 P.2d 118 (1988).

The Madison firm never established an attorney-client relationship with Lyons that would subject the firm to the ethical obligation of preserving confidential communications; nor did it act in any capacity so as to give rise to the inference that it was acting as Lyons' counsel. Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1385 (10th Cir. 1994).

In its earlier representation of Lyons' opponent, it would have been apparent that Pelton's interests were contrary to those of Lyons. Brennan's and the Madison firm's duty of advocacy and effective representation ran to its own client in the Pelton litigation, and never to Lyons. Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.

In Garcia, *supra*, the plaintiff asserted that the Rodey firm, then representing the Garcia's opponent, breached a duty to Garcia by the advice given by the Rodey firm to its own client, Garcia's opponent. Garcia sought to bring a direct action against the Rodey firm, claiming that their

---

as counsel.

advice was wrongful, and as a result of alleged errors, omissions, and/or intentional conduct, Garcia was injured.

The New Mexico Supreme Court made clear that the duty of representation goes to one's own client, not to one's opponent. Under this clear New Mexico precedent, the Madison firm's duty of care runs only to its prior client, Pelton, and not to Lyons. So, too, in the present litigation, the Madison firm's duty runs to its clients–Aguilar–and not to Lyons.

Lyons argue that the Madison firm attorneys may be called as witnesses in this case. Under the Rules of Professional Conduct, an attorney may not be both a witness and an advocate in the case. Rule 16-307, NMRA. However, it is unclear at this state of the proceedings whether any proposed testimony from the Madison firm attorney would be relevant or admissible. Lyons did not proffer any proposed testimony or any explanation as to why the Madison firm attorneys would testify and what they would say. There is no showing that any proposed testimony can only come from the Madison firm as opposed to other sources.

A party's tactical decision to seek to name an opponent's attorney as a witness cannot serve as the basis for disqualification if there exists other reasonable alternatives to securing the same information sought from the opposing party's attorney. For example, if testimony on the same subject is available from another source or another witness, then, an attorney's testimony is not needed. Chappell v. Cosgrove, 121 N.M. 636, 640, 916 P.2d 836, 840 (1996).

It is unknown whether the pleadings in the Pelton litigation will be material and relevant in this case. However, one thing is clear: information which Lyons may want to obtain from the Madison firm relative to the pleadings or issues in the Pelton litigation is likely available from a variety of other sources.

For example, Lyons may obtain the deposition testimony of parties to that litigation.[5] So, too, trial evidence relevant to the Pelton litigation may be obtained directly from Pelton or Aguilar. Or, to the extent that pleadings in the Pelton litigation are relevant and admissible, foundational information for the exhibits may be stipulated, or the foundation can be supplied by someone other than a Madison firm attorney.  Indeed, so long as the functional equivalent of relevant testimony is available from other sources, there would be no need to take the deposition of any Madison firm attorney or to have a Madison firm attorney testify at trial.  Moreover, because the attorney-client privilege survives the actual period of representation, Swidler & Berlin v. United States, 524 U.S. 399 (1998); United States v. Tomero, 471 F. Supp. 2d 448, 451 & n. 9-10 (S.D.N.Y. 2007), it is unlikely that the Madison firm attorneys could testify as to anything other than the fact of representation and other non-privileged information.

## Conclusion

The Court determines there is no apparent conflict of interest involved in the Madison firm's representation of Lyons' former opponent.  That would preclude the law firm from representation of Aguilar and Aguilar Law Offices, P.C. ,in this case.  The Madison firm attorneys are not precluded from representation by the Rules of Professional Responsibility.  Moreover, the Court finds no duty owed by Brennan or the Madison firm to Lyons in either the present or prior litigation. Finally, to the extent any information about the Madison firm's prior representation of Lyons' opponent is relevant, that information is likely available from other sources that would not serve to put the Madison firm in a position of conflict or violating its obligations of confidentiality.

---

[5]This statement does not constitute any finding that such testimony is relevant under Fed. R. Civ. P. 26 or admissible.  It is simply cited as an example that there are alternative methods to obtain information.

IT IS ORDERED that Lyons' motion to disqualify is not well-taken and is, therefore, DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge