IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON, Pro Se and
JEANNE G. LYON, Pro Se,

        Plaintiffs / Counter Defendants,

v.                                        No. CIV 08-1114 LFG/RLP

ESTEBAN A. AGUILAR SR., ESQ.,
AGUILAR LAW OFFICES, P.C., and
DOES I-X,

        Defendants / Counter Claimants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION TO DISQUALIFY MADISON
FIRM AS COUNSEL FOR DEFENDANTS**

        THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration of Amended Memorandum Opinion and Order Denying Plantiffs' Motion to Disqualify Madison Firm as Counsel for Defendants [Doc. 71].  No response is necessary.  For the reasons given below, the Motion is denied.

**Procedural History**

        This action was originally filed on November 24, 2008 and was administratively closed pending proceedings in the United States Bankruptcy Court.  On June 30, 2009, the Court reopened the case [Doc. 16], and the litigation proceeded.  By this point, Madison, Harbour & Mroz, P.A. (William C. Madison and M. Eliza Stewart) had entered an appearance [Doc. 12] as attorneys for Defendants Esteban A. Aguilar, Sr. and Aguilar Law Offices, P.C. (hereinafter referred to jointly as "Aguilar").

a. Motion to Disqualify Madison Law Firm

On June 30, 2009, *pro se* Plaintiffs Gary J. Lyon and Jeanne G. Lyon ("Lyons") filed a document in this case [Doc. 18] in which they argued that the Madison firm had a conflict of interest, as members of that firm would be called as witnesses herein due to their prior involvement in litigation involving Lyons.  Lyons asked the Court to require the Madison firm to withdraw as counsel for Aguilar.

Shortly thereafter, on July 6, 2009, Lyons filed a "Notice of Plaintiffs to Preserve Their Right to File a Motion to Disqualify Members of Madison, Harbour, Mroz, P.A. From Appearing as Counsel for Defendants." [Doc. 19].  In this document, Lyons stated that they "do not waive their right to object" to the members of the Madison firm appearing as counsel for Aguilar and further notified the Court that if by July 15, 2009, Lyons could not convince the Madison firm to disqualify two of its members, William C. Madison and Gregory D. Steinman, from appearing as counsel for Aguilar, then Lyons would file a motion requesting that the Court order the firm to withdraw.

On July 27, 2009, the Court entered an Order [Doc. 28] denying without prejudice Lyons' request to bar the Madison Law Firm from representing Aguilar, advising Lyons that a separate motion would be necessary to seek such relief.

On November 6, 2009, Lyons filed their Motion to Disqualify Madison, Harbour & Mroz, P.A., as Counsel for Defendants. [Doc. 52].  A Response and Reply to the Motion were filed, and on November 25, 2009, the Court entered its Amended Memorandum Opinion and Order [Doc. 65] denying the Motion to Disqualify.[1]  The Motion currently before the Court is a Motion for Reconsideration of the Order denying disqualification.

---

[1]The initial Memorandum Opinion and Order was amended to correct a clerical error.

b.  <u>Motion to Amend the Complaint</u>

While the Motion for Reconsideration was awaiting completion of briefing, Lyons also had pending a Motion to Amend Complaint [Doc. 48], in which they sought to amend their Complaint to add civil rights claims against Defendants, a private attorney and a private law firm.  The Court found that, because the law was so clear in this area, no response to the Motion was necessary.  It entered an Order [Doc. 49] on October 21, 2009, denying the Motion to Amend on grounds that a practicing attorney and his firm do not act under color of law, a required element in a civil rights claim.

Plaintiffs filed "Objections" [Doc. 50] to the Order denying leave to amend and also filed a Motion for Reconsideration [Doc. 51] of that Order.  On November 18, 2009, the Court entered an Order [Doc. 56] Denying Plaintiff's Objections, and on November 19, 2009 entered an Order [Docs. 60, 61] Denying the Motion for Reconsideration.

On November 30, 2009, Lyons filed a Notice of Appeal [Doc. 66], which purports to appeal the following specific rulings by this Court: the Order denying leave to amend the Complaint, the Order denying Plaintiff's objections thereto, and the Order denying reconsideration thereof.  The United States Court of Appeals for the Tenth Circuit docketed the appeal on December 1, 2009 [*see* Doc. 68], and on December 4, 2009 set a briefing schedule. [Doc. 01018324742 in Cause No. 09-2298 before the Court of Appeals].

## Jurisdiction

The instant Motion for Reconsideration of the Order Denying Disqualification of Counsel was filed on December 3, 2009, after the Notice of Appeal was filed and after the Court of Appeals docketed the appeal.  Thus, this Court must first consider whether it has jurisdiction to consider the Motion.

The Tenth Circuit holds it to be an "unassailable general proposition that the filing of a notice of appeal, whether from a true final judgment or from a decision within the collateral order exception, 'is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990), *quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Nevertheless, a court always has jurisdiction to determine its own jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938); Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000).

In accepting Lyons' appeal, the Tenth Circuit must necessarily have decided that this Court's rulings on the Motion to Amend the Complaint were either "final" in some sense, or else that they fall within the "collateral order exception." It is difficult to see how the rulings are final, as the Lyons appeal only the orders denying their request to amend the Complaint to add a claim which has no legal merit, while the rest of their voluminous Complaint remains pending. This Court assumes, therefore, that the Court of Appeals considers Lyons' appeal to be a "collateral ruling" under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).[2]

---

[2]Normally, an order denying a request to amend a complaint is not an appealable order. Combs v. PricewaterhouseCoopers, LLP, 382 F.3d 1196, 1204 (10th Cir. 2004). Thus, because the Lyons' attempt to appeal such an order appeared to be invalid, this Court would have properly "ignore[d] it and proceed[ed] with the case," Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 341 (10th Cir. 1976), if the Court of Appeals had not accepted the appeal and docketed it. The Court of Appeals appears to have decided that the order denying Lyons' request to amend their complaint falls within the "'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final' . . . [in that they] are conclusive, . . . resolve important questions separate from the merits, . . . and are effectively unreviewable on appeal from the final judgment in the underlying action.'" Mohawk Indus., Inc. v. Carpenter, __ U.S. __, 2009 WL 4573276, at *5 (Dec. 8, 2009), *citing* Cohen, at 545-46 (1949); and Swint v. Chambers County Comm'n, 514 U.S. 35, 42 (1995).

To the extent Lyons' appeal is considered to be an interlocutory appeal, the district court retains jurisdiction to proceed with matters not involved in that appeal, <u>Garcia v. Burlington Northern R.R. Co.</u>, 818 F.2d 713, 721(10th Cir. 1987); thus, this Court may properly address the Lyons' Motion for Reconsideration of the denial of their request to disqualify the Madison firm. And even if the Order denying leave to amend the Complaint were considered to be a final order, if a party files both a notice of appeal and a motion to reconsider, the district court retains jurisdiction to deny the motion to reconsider (although not to grant it), without seeking leave from the Court of Appeals.  <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 579 n.4 (10th Cir. 1996). Because the Court intends to deny Lyons' Motion to Reconsider, it therefore finds that it has jurisdiction in this situation.

### Merits of the Motion to Reconsider

In the Order Denying Plaintiffs' Motion to Disqualify Madison Firm as Counsel for Defendants, the Court determined that there is no apparent conflict of interest involved in the Madison firm's representation of Lyons' former opponent which would preclude the firm from representing Aguilar in this litigation.

The Court held that the Madison firm attorneys are not precluded from this representation by the Rules of Professional Responsibility; that neither the firm nor its former member, Michael Brennan, has or had a duty to Lyons in either the present or prior litigation; and that any information about the firm's prior representation of Lyons' opponent, to the extent it is relevant at all, is likely available from other sources that would not put the firm in a position of conflict or violating its obligations of confidentiality. [Doc. 65].

Lyons now seek to have the Court reconsider that ruling.  The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," and the Local Rules of this District

likewise have no provision for motions to reconsider.  When such a motion is filed, the Court may

consider it under FED. R. CIV. P. Rule 59(e) as a motion to alter or amend, if filed within 28 days

of the ruling it challenges.[3]  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Lyons' Motion was filed within the 28-day period.

　　　　The Court exercises its discretion to consider a request for reconsideration under the

following standard:

> A motion to reconsider is appropriate if the court has obviously
> misapprehended a party's position, the facts, or the applicable law,
> or if the party produces new evidence that could not have been
> obtained through the exercise of due diligence . . . .  An additional
> factor considered by some courts is the need to prevent manifest
> injustice.

Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc., 160 F.R.D. 605, 606 (D. Kan. 1995).

　　　　"[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and

advancing new arguments or supporting facts which were otherwise available for presentation when

the original . . . motion was briefed is likewise inappropriate."  Van Skiver, at 1243 (internal

punctuation omitted).  See also, Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp.

1560, 1581 (D.N.M. 1994); Sedillos v. Amrep Southwest, Inc., No. 97-1034 LCS, slip op. at 2

(D.N.M. Jan. 27, 1998) ("In essence, the Plaintiffs request that the Court revisit its Memorandum

Opinion and Order because they did not fully present their arguments against dismissal at the first

go round.  This attempt at a "second bite at the apple" is not a sufficient ground to grant a motion

to reconsider").  A party who fails to present its strongest case in the first instance is not entitled to

a second chance in the form of a motion to reconsider.  Indeed, improper use of the motion to

---

[3]The 28-day period became effective on December 1, 2009 with revisions to the Federal
Rules.  Lyons' Motion for Reconsideration was filed on December 3, 2009.

reconsider "can waste judicial resources and obstruct the efficient administration of justice." <u>Rural Water Sys. Ins. Benefit Trust</u>, at 606.

  Lyons attach exhibits to their Motion for Reconsideration including copies of documents from 2004 and 2006 which, they contend, establish that Michael Brennan, formerly of the Madison firm, was involved in prior legal matters concerning the Lyons.  The Court will not consider "supporting facts which were otherwise available for presentation when the original . . . motion was briefed," and Lyons have failed to demonstrate that these documents could not have been presented or these arguments made in their initial Motion to Disqualify.

  Lyons also claim that the Court should grant an evidentiary hearing on the issue of whether the Madison firm should be disqualified.  They point to the language of the Order denying their motion for disqualification, to the effect that "it is unclear at this state of the proceedings whether any proposed testimony from the Madison firm attorney would be relevant or admissible," and that "Lyons did not proffer any proposed testimony or any explanation as to why the Madison firm attorneys would testify and what they would say."  The same is still true.  Lyons have not demonstrated, in their initial Motion to Disqualify or in the Motion for Reconsideration, that anything Mr. Brennan (or any other current or former member of the Madison firm) may have to say would be relevant, admissible, or unavailable from another source.

<u>Conclusion</u>

  In sum, nothing presented in the Motion for Reconsideration convinces the Court that it misapprehended a party's position, the facts, or the applicable law; nor have Lyons produced new evidence that could not have been obtained earlier through the exercise of due diligence; nor have they shown that manifest injustice will occur unless the Court changes it mind.

7

**Order**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration [Doc. 71] is denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge