IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY J. LYON and
JEANNE G. LYON,

        Plaintiffs/Counter Defendants,

    vs.                                 CIVIL NO.  08-1114 LFG/DJS

ESTEBAN A. AGUILAR, SR.,
AGUILAR LAW OFFICES, P.C,,
and DOES I-X,

        Defendants/Counter Claimants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE ALL CLAIMS NOT COVERED BY DEFENDANTS' PROFESSIONAL LIABILITY INSURANCE POLICY

THIS MATTER is before the Court on Defendants' Motion for Partial Summary Judgment, Dismissing With Prejudice All Claims of Plaintiffs Not Covered by Defendants' Professional Liability Insurance Policy.  [Doc. 98].  The Court considered the motion and supporting documents, Plaintiffs' Response [Doc. 102], and Defendants' Reply [Doc. 105].  Oral argument is not necessary.

### Procedural Background

As a result of the their dissatisfaction with legal services provided by their attorney, *pro se* Plaintiffs Gary J. Lyon and Jeanne G. Lyon ("Lyons") filed this suit in the United States District Court against Defendants Esteban A. Aguilar, Sr. ("Aguilar") and his professional corporation, Aguilar Law Offices, P.C. ("ALO").  Lyons' Complaint included nine counts, alleging breach of contract, negligent misrepresentation/ fraudulent inducement, professional malpractice, constructive fraud, breach of fiduciary relationship, negligent infliction of emotional distress (later dismissed

pursuant to stipulation of the parties [Doc. 81]), breach of the New Mexico Unfair Practices Act, intentional infliction of emotional distress, and unjust enrichment.

At the time this lawsuit was filed on November 24, 2008, Aguilar and ALO had two petitions for bankruptcy pending in the United States Bankruptcy Court.  Aguilar and ALO were represented by separate counsel in the respective bankruptcy cases.  Aguilar notified this Court of the pendency of his bankruptcy petition in BR 08-13542 (hereinafter referred to as the "Personal Bankruptcy")[1] and ALO notified the Court of the pendency of its bankruptcy petition in BR 08-13478 (hereinafter referred to as the "Corporate Bankruptcy") [Docs. 6, 10].

Pursuant to the automatic stay provisions of the Bankruptcy Code, this Court entered an order on December 12, 2008, staying the Lyons' lawsuit against Aguilar and ALO.  [Doc. 9].

Meanwhile, in Bankruptcy Court, Lyons filed an adversary complaint, BR 09-01013 (hereinafter referred to as the "Adversary Proceeding") on February 2, 2009.  In that complaint, Lyons named both Aguilar and ALO as Defendants.  Lyons stated they were bringing the proceedings "for the limited purpose of determining that the complaint of the Lyons as plaintiffs in civil action No. CIV-08–1114-LFG/RLP in the United States District Court . . . is nondischargeable."  [Doc. 1, Adversary Proceeding, at 1-2].  Thus, they were seeking to have the Bankruptcy Court declare that Aguilars' alleged liability to Lyons, and the Lyons' attendant damage claims, should not be discharged.

The complaint in the Adversary Proceeding included a Prayer for Relief, in which Lyons asked the Bankruptcy Court to hold that their potential recovery in the District Court litigation was nondischargeable in bankruptcy.  They further asked that, if the Bankruptcy Court did not hold the

---

[1]Aguilar's wife, Dena Denise Robinson, was also listed as a debtor in the Personal Bankruptcy case.  She is not a party to this lawsuit in District Court.

potential recovery nondischargeable, "then in the alternative in the subject Civil Action there is insurance coverage that would provide the debtors legal defense in the Civil Action lawsuit," and they therefore asked the Bankruptcy Court to allow them "to proceed with the Civil Action for recovery of damages up to the limits of the insurance coverage." [Id., at 27].

Following an Initial Pretrial Conference on March 23, 2009 in the Adversary Case, United States Bankruptcy Judge James S. Starzynski entered a Preliminary Order [Doc. 9, Adversary Proceeding], holding, *inter alia,* that the parties would have until April 13, 2009 to file a stipulated stay order permitting the District Court litigation to proceed, under certain conditions. One of those conditions was that the District Court would, to the extent possible, "sit as a bankruptcy court and make all rulings on the dischargeability claims in the course of any other rulings it may make." [Id., at 2]. The Preliminary Order further held that if the parties could not agree on a stipulated stay order, the Lyons would be permitted to file a motion for relief from the automatic stay, on or before April 13, 2009. [Id., at 2]. The parties were unable to agree on a stipulated order, and the Bankruptcy Court never entered any order directing or suggesting that this Court make rulings as to dischargeability. This Court makes no such rulings, and those matters have been decided by the Banktruptcy Court.

Because the parties were unable to agree on a stipulated order, Lyons filed a Motion for Relief from Automatic Stay on April 13, 2009. [Doc. 12, Adversary Proceeding]. Lyons stated in their motion that they were able to reach agreement with counsel for Aguilar, but that agreement could not be reached with the separate counsel retained by ALO. They stated further, on information and belief, that ALO had professional liability coverage.

Judge Starzynski conducted a status conference in the Adversary Proceeding on April 27, 2009. Lyons state that, at this status conference, the judge notified them that the Adversary

Complaint was not proper in that it named two bankruptcy debtors as Defendants, and he directed them to file the Motion for Relief from Stay in the "subject Bankruptcy case," rather than in the Adversary Proceeding. [*See* Doc. 18, Adversary Proceeding, at 1; Doc. 28, Adversary Proceeding, at 3].   Therefore, on May 4, 2009, Lyons withdrew the Motion for Relief from Automatic Stay in the Adversary case.  [Docs. 18, 19, Adversary Proceeding].

Meanwhile, Lyons were able to reach an agreement with counsel for Aguilar regarding lifting of the stay.  On April 30, 2009, the parties submitted a Stipulated Order Modifying Automatic Stay in the Personal Bankruptcy case.  Judge Starzynski signed and entered the Order.  [Doc. 46, Personal Bankruptcy].  The Stipulated Order modified the automatic stay to permit the Lyons to litigate to conclusion the legal malpractice lawsuit against Aguilar in District Court.  The Order further provided that Lyons would not be permitted to execute upon any judgment against Aguilar which they might obtain in District Court, without further order of the Bankruptcy Court. [Id.].

Apparently Lyons were unable to reach a similar agreement with counsel for ALO, and shortly after the Stipulated Order was filed in the Personal Bankruptcy case, Lyons filed a Motion for Relief from Automatic Stay in the Corporate Bankruptcy case. [Doc. 59, Corporate Bankruptcy]. In its Response to the Motion, ALO stated that it:

> would consent to relief from the stay for the sole purpose of allowing Lyons to pursue claims pending in another court against Debtor's insurance carrier so long as any recovery in excess of available insurance coverage is treated as an unsecured claim herein, and so long as execution or other process to collect any award against Debtor (as opposed to insurance coverage) remains stayed, and so long as no proceedings in the other court involve any claim by Lyons that their claims are in any manner non-dischargeable herein as to Debtor.

[Doc. 60, Corporate Bankruptcy, at 1-2].

A preliminary hearing on Lyons' Motion for Relief from Stay was held in the Corporate

4

Bankruptcy case on June 8, 2009. [Doc. 66, Corporate Bankruptcy].  On that date, Judge Starzynski

entered an Order Granting Motion for Relief from Automatic Stay [Doc. 67, Corporate Bankruptcy].

The Order provided:

> The Court finds that the parties have agreed to modify the automatic stay subject to certain terms and conditions.
>
> IT IS ORDERED that the automatic stay is terminated for the sole purpose of allowing Creditors to pursue claims pending in the United States District Court for the District of New Mexico against Debtor's insurance carrier so long as any recovery in excess of available insurance coverage is treated as an unsecured claim in this bankruptcy case, and so long as execution or other process to collect any award against Debtor (as opposed to any insurance coverage) remains stayed.
>
> IT IS FURTHER ORDERED that the automatic stay is not terminated with respect to any claim that a debt is non-dischargeable; the Bankruptcy Court retains jurisdiction over any claim of nondischargeability.

Lyons did not further participate in or contest either the Corporate or Personal Bankruptcy

cases.  Ultimately, Judge Starzynski discharged Aguilar in the Personal Bankruptcy case  [Doc. 41,

Personal Bankruptcy], and on October 19, 2009, Judge Starzynski entered a Final Decree in the

Personal case [Doc. 53, Personal Bankruptcy].  He entered a Final Decree in the Corporate case on

October 23, 2009.  [Doc. 89, Corporate Bankruptcy].

Back in the Adversary case, Lyons filed a Motion Requesting the Court to Stay the

Adversary Proceedings [Doc. 23, Adversary Proceeding] on May 18, 2009.  The stated grounds for

the Motion were that Lyons then had a Motion for Relief from Automatic Stay pending in the

Corporate Bankruptcy case and, if the Court granted that motion, Lyons would request that the

Adversary proceeding be dismissed without prejudice. [Id., at 3].  The implication was that, if the

motion were granted, Lyons would achieve all the relief they were seeking in the Adversary

Proceeding.  The Lyons' motion was indeed granted [Doc. 67, Corporate Bankruptcy] and, true to their word, shortly thereafter Lyons filed a Motion to Dismiss Without Prejudice This Adversary Proceeding. [Doc. 28, Adversary Proceeding].  As Lyons had earlier filed the Adversary Proceeding to challenge the dischargeability of claims against Aguilars, the dismissal of that proceeding served to withdraw the Lyons' objections to discharge.

In their Motion to Dismiss, Lyons stated that "[t]he Adversary Proceeding is now moot since the Court has granted the relief sought in the Adversary Proceedings," due to the Stipulated Order Modifying Automatic Stay filed in the Personal Bankruptcy case, and the Order Granting Motion for Relief From Automatic Stay filed in the Corporate Bankruptcy case.  On July 9, 2009, the Bankruptcy Court entered an Order Granting the Motion to Dismiss [Doc. 30, Adversary Proceeding], and with no further objections to discharge pending, the Adversary case was closed. As noted above, the two Bankruptcy cases were later closed by Final Decree, in October 2009.

On June 22, 2009, with the stay of this present litigation lifted, Lyons petitioned this Court to reopen their legal malpractice case against Aguilar and ALO. [Doc. 11].  On June 30, 2009, the case was re-opened and Defendants were directed to file an Answer to the Complaint. [Doc. 16].

Litigation proceeded herein, and a jury trial is currently set for September 13, 2010 [Doc. 95].  On June 11 and 14, 2010, Defendants filed three Motions for Summary Judgment. [Docs. 98, 99 and 100].  This Order resolves Defendants' Motion for Partial Summary Judgment, Dismissing With Prejudice All Claims of Plaintiffs Not Covered by Defendants' Professional Liability Insurance Policy [Doc. 98].  The other two summary judgment motions are the subject of separate orders.

## Discussion

### *Summary Judgment Standards*

A summary judgment proceeding is appropriately used to cut through the allegations of the

pleadings and determine if there is a triable issue.  Summary judgment will be granted when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995).  The Court does not decide the issues of fact, but rather determines if there is an issue that must be resolved at trial.

The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).  The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment, nor will mere argument or contention suffice.  Fed. R. Civ. P. 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

"The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine.'"  Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).  Summary judgment can be entered only if there is insufficient evidence for a reasonable jury to return a verdict for the party opposing the motion.  Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.  Thus, the Court's inquiry is "whether the evidence presents a sufficient

7

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52, 106 S. Ct. at 2512.

The Court in considering a motion for summary judgment construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. Foster v. Alliedsignal, Inc., 293 F.3d 1187 (10th Cir. 2002).

### *Effect of Bankruptcy Court Rulings*

In this Motion for Partial Summary Judgment, Defendants contend that the two orders entered by the Bankruptcy Court – the Order Granting Motion for Relief from Automatic Stay [Doc. 67, Corporate Bankruptcy], and the Stipulated Order Modifying Automatic Stay [Doc. 46, Personal Bankruptcy] – had the effect of lifting the automatic stay to allow Lyons to pursue this litigation against Aguilar and ALO, but only to the extent of Defendants' professional liability insurance coverage.   Thus, Defendants argue, any claims not covered by the insurance policy must be dismissed.

Lyons point out that the two orders entered in the separate Bankruptcy cases were not identical.  While this is true, the Court finds it is not of legal significance.

The automatic stay was lifted in the Corporate Bankruptcy case, subject to the condition that Lyons would be allowed to pursue their claims against ALO in this case "so long as any recovery in excess of available insurance coverage is treated as an unsecured claim in this bankruptcy case, and so long as execution or other process to collect any award against Debtor (as opposed to any insurance coverage) remains stayed." [Doc. 67, Corporate Bankruptcy, at 4].  The Bankruptcy Court also ordered that it would retain jurisdiction over any claim that a debt is non-dischargeable. [Id.].

In the Personal Bankruptcy case, the automatic stay was lifted to permit Lyons to litigate to conclusion the case against Aguilar.  Nothing was said in the Stipulated Order in that case to the

8

effect that Lyons would be restricted to claims covered by malpractice insurance.  Rather, the only limitation stated was that Lyons would have to seek approval from the Bankruptcy Court if they wished to execute upon any judgment which they might obtain against Aguilar in the District Court.

It appears on the surface that the Bankruptcy Court restricted Lyons' recovery against ALO to only those claims covered by insurance, while permitting Lyons to proceed against Aguilar individually without any such restriction.  Lyons contend that this is the case.  However, this Court declines to so interpret the Bankruptcy Court's orders.

The Bankruptcy Court's approach, lifting the stay and allow the Lyons' litigation to proceed but only to the extent that a policy of insurance was available to satisfy the Lyons' damage claims, means that any payment to the Lyons would, of necessity, come from the policy of insurance and not from the bankrupt estate.  This ruling makes perfect sense, as the Bankruptcy Court is required to preserve all the bankrupt's assets and to apportion those assets among classes of creditors.  Thus, it would be unfair to other creditors in the same class as the Lyons to allow Lyons to recover more than their proportionate share of the bankrupt estate's assets.  This would certainly prejudice other unsecured creditors.  But because there was a policy of liability insurance which provided coverage for certain claims, the Lyons were free to proceed with this litigation to the extent that the policy would satisfy any judgment.  Thus, liability for payment of any damages would not come out of the bankrupts' estates.

Furthermore, Rule 7041, Federal Rules of Bankruptcy Procedure, provides that:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Thus, a creditor bringing an adversary proceeding claiming that their debt is nondischargeable may not simply withdraw that claim and voluntarily dismiss the proceeding, unless the trustee approves the dismissal. The purpose of this rule is to ensure that other creditors in the adversary plaintiff's class are not prejudiced by a separate settlement reached without their knowledge or participation. In this case, the trustee approved the Lyons' proposed dismissal. If the intention had been to permit Lyons to proceed against Aguilar and/or ALO to any extent beyond the insurance coverage, the trustee charged with fairness to all creditors would not have consented and surely would have objected to the withdrawal. Moreover, other creditors would have been given a chance to object to the dismissal.

The premise of Lyons' Adversary Proceeding was to obtain a ruling from the Bankruptcy Court to the effect that their claims and the potential recovery from Aguilars were nondischargeable. The Prayer for Relief in the original complaint in that proceeding makes clear that, as an alternative to such a ruling, Lyons wanted the Bankruptcy Court to permit them to proceed with this lawsuit for recovery of damages up to the limits of the insurance coverage. [Doc. 1, Adversary Proceeding, at 27]. The Lyons obtained the alternative relief requested and thereafter withdrew their complaint and sought voluntary dismissal of the Adversary Proceeding. In doing so, they relinquished their opportunity to have the Bankruptcy Court rule on dischargeability, and the effect of their voluntary dismissal of the Adversary Proceedings amounts to a withdrawal of any objection to the dischargeability of debts owed to them.

In addition, even before they sought voluntary dismissal of the entire proceeding, Lyons had filed an amended complaint in the Adversary Proceeding in which they named only ALO as a defendant, thus abandoning any request for a ruling on nondischargeability as to the individual, Aguilar. [Doc. 20, Adversary Proceeding]. Fed. R. Bankr. P. Rule 7015; FED. R. CIV. P. Rule 15;

Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (properly filed amended complaint supersedes the original complaint).  Lyons never filed a separate adversary proceeding against Aguilar individually.

It is unclear why Lyons believed it to be in their interest to abandon their challenge to dischargeability, but it is now abundantly clear that with no adversary proceedings remaining against either Aguilar or ALO by Lyons, and, therefore, no remaining objections as to dischargeability, the Bankruptcy Court discharged Aguilar's debts, including debts to the Lyons arising from any claim or cause of action for which a policy of insurance was not available.

Lyons now argue that their dismissal of adversary proceedings was "without prejudice," and, therefore, the proceedings could yet again be reopened.  Lyons' argument misses the mark.  It is now too late to file adversary proceedings, as such proceedings would now be time-barred.  Thus, the nomenclature "without prejudice" preserves no right as all claims are time-barred, and by operation of law, the dismissal "without prejudice" metamorphosed into a dismissal with prejudice.  Aguilar has been discharged, and Final Decrees have been entered.  Thus, the Lyons may not undo their dismissal.  The adversary proceedings ship has sailed.

See In re McKoy, 211 B.R. 843, 846 (E.D.Va. 1997):

> Rule 4007(c) establishes a strict time limit for filing a complaint to determine dischargeability under § 523(c). Specifically, the rule provides that such a complaint must be "filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Although an extension of time may be granted, the motion for the extension must be made before the 60 day time period expires. This time limit, while not a jurisdictional prerequisite, is analogous to a statute of limitations . . . .  Put another way, the Rule 4007(c) time limit for objecting to discharge is not easily avoided.

The only logical interpretation of the Bankruptcy Court's actions and orders is that it intended to permit Lyons to proceed against Defendants, but only to the extent that their recovery,

11

if any,  is paid for from insurance proceeds.  If Lyons intended to assert that their causes of action

other than the claims of professional malpractice were nondischargeable, they could have continued

with Adversary Proceedings and obtained a ruling from the Bankruptcy Court on that issue.  They

chose not to do so, and it is now too late.  11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. Rule 4007(c).

Thus, this lawsuit concerns only Lyons' claims that are covered by the professional liability

insurance policy.  Any claims not so covered will be dismissed.

### Claims Covered by the Insurance Policy[2]

Defendants demonstrate that the policy of insurance covers only claims, as defined by the

policy, "aris[ing] out of an error, omission, negligent act . . . in the rendering of or failure to render

'professional legal services.'" [Doc. 98, Ex. A, at 2].  The policy excludes from its definition of

damages "punitive or exemplary damages, any multiple of compensatory damages, fines, sanctions

or penalties, equitable relief or the return or reimbursement of fees for 'professional legal services'

whether or not rendered." [Id., at 4].  The policy further excludes claims "[a]rising out of any

dishonest, fraudulent, criminal or malicious act, error [or] omission," and arising out of "bodily

injury," including mental anguish and emotional distress. [Id., at 3, 4].

Lyons offer no evidence to counter these policy restrictions, and Defendants' undisputed

facts are accepted as true.  D.N.M.LR-Civ. 56.1(b).  It is simply insufficient to rely on argument or

contention to challenge Defendants' evidence.  A party opposing summary judgment may not

remain silent in the face of a meritorious showing of entitlement to judgment.  As a result, the Court

will dismiss portions of the Lyons' complaint, as follows.

---

[2]The covered and non-covered claims are set out as undisputed facts in Defendants' motion
[Doc. 98, at 9-10] and supported by specific reference to admissible evidence by way of policy
provision.  Lyons, at most, offer merely disagreement or argument.

Count 1 of Lyons' complaint is a claim for breach of contract. Lyons allege that Defendants did not comply with the retainer agreement and improperly failed to enter into a contingency agreement with Lyons. A breach of contract is an intentional act not covered by an errors and omissions insurance policy. Bernalillo County Deputy Sheriff's Ass'n v. County of Bernalillo, 114 N.M. 695, 845 P.2d 789 (1992) (similar policy language was interpreted to mean that the insurance company contracted to provide coverage for negligent, not intentional acts). Furthermore, these claims are precluded by the insurance policy's exclusion of claims for equitable relief or reimbursement of fees for professional services.

Count 2 of Lyons' complaint is titled "Negligent Misrepresentation," alternatively characterized as "Fraud in the Inducement." In this Count, Lyons allege that Aguilar initially told them he would have an amended complaint ready within 30 days but failed to do so and later admitted that it would have been impossible to prepare the document within that time limit. They state that Aguilar's conduct was "deceptive, malicious, willful, reckless, and wanton and/or in bad faith and that the subject representations were being made to Plaintiffs at times when Defendants had no intention of living up to them." [Doc. 1, at 23]. This claim is precluded by the insurance policy's exclusion for damage arising out any dishonest, fraudulent, criminal or malicious act, error, or omission.

Count 3 of Lyons' complaint alleges professional malpractice. This claim is covered by the insurance policy, except to the extent Lyons claim that Defendants' acts were dishonest or fraudulent. In addition, the claim is barred to the extent it seeks reimbursement of fees paid to Defendants.

Count 4 of Lyons' complaint alleges constructive fraud. As in Count 2, Lyons allege that Defendants' conduct was "deceptive, malicious, willful, reckless, wanton and/or in bad faith" in that

13

"representations were being made to the Lyons at times when Defendants had no intention of living up to them." [Doc. 1, at 33]. This claim is precluded by policy language excluding claims based on fraudulent, criminal or malicious acts, errors or omissions. The claim is also barred to the extent Lyons seek reimbursement of fees paid to Defendants.

Count 5 of Lyons' complaint alleges breach of fiduciary relationship. This claim is essentially one for professional malpractice and, as with Count 3, it is covered by the insurance policy, except to the extent Lyons claim that Defendants' acts were dishonest or fraudulent. The claim is further barred to the extent it seeks reimbursement of fees paid to Defendants.

Count 6, a claim for Negligent Infliction of Emotional Distress, was dismissed by stipulation. [Doc. 81].

Count 7 of Lyon's complaint alleges breach of the New Mexico Unfair Practices Act, NMSA (1978) § 57-12-1. This claim alleges dishonest and fraudulent acts by Defendants; such acts are not covered by the insurance policy. The claim is further barred to the extent Lyons' seek treble damages under the statute, as the policy excludes claims for "punitive or exemplary damages or any multiple of compensatory damages."

Count 8 of Lyons' complaint alleges intentional infliction of emotional distress. In this count, Lyons state that Defendants "were aware of the Plaintiffs' age and health problems and how much the Plaintiffs relied on representation and commitments Defendants made to them. Defendants were also aware of how legal counsel had abandoned Plaintiffs in previous representations and as a result, how much Plaintiffs relied on Defendants to live up to their commitment to not abandon Plaintiffs." [Doc. 1, at 37-38]. In spite of this knowledge, Lyons allege, Defendants acted in a manner which was:

> deceptive, willful, wanton, outrageous and was committed with an

14

> evil mind, with the intention of harassing Plaintiffs and obstructing
> proceedings dealing with the subject two cases; and of depriving
> Plaintiffs of property and/or legal rights or otherwise causing injury,
> and was malicious and despicable conduct that subjects the Plaintiffs
> to a cruel and unjust hardship . . . .

[Doc. 1, at 38]. These claims are precluded by the policy's exclusion of claims based on fraudulent, criminal or malicious acts, errors or omissions, and by the exclusion for punitive damages. In addition, any claim of bodily injury, including mental anguish or emotional distress, is excluded from policy coverage.

Count 9 of Lyons' complaint is a claim for Unjust Enrichment. Lyons seek return of all fees and other expenses paid to Defendants. This claim is precluded by the policy provisions excluding coverage for dishonest, fraudulent or malicious acts, and excluding equitable relief or reimbursement of fees paid to Defendants.

## *Conclusion*

All claims not specifically covered by Aguilars' professional liability errors and omission policy have been discharged in bankruptcy. Thus, the Court concludes that Lyons' remaining claims in this lawsuit are only Count 3, professional malpractice, and Count 5, breach of fiduciary relationship. Even as to those claims, to the extent that any of Lyons' claims for damages are not specifically provided for in the policy of insurance, they, too, are also dismissed, as they have been discharged by the United States Bankruptcy Court. All other claims are dismissed with prejudice.

## **Order**

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment, Dismissing With Prejudice All Claims of Plaintiffs not Covered by Defendants' Professional Liability Insurance Policy [Doc. 98] is granted.

IT IS FURTHER ORDERED that Counts 1, 2, 4, 7, 8 and 9 of Plaintiffs' Complaint are

dismissed with prejudice.  Counts 6 was previously dismissed.  Counts 3 and 5 will remain in this lawsuit, except to the extent that Plaintiffs seek reimbursement of attorney fees, or recovery of punitive damages arising from dishonesty, fraud, criminal or malicious acts.


Lorenzo F. Garcia
United States Magistrate Judge